UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY SUSSMAN,<br><br>　　　　　　　Plaintiff,<br>v.<br>SCRIPPS MERCY HOSPITAL, et al.,<br><br>　　　　　　　Defendants. | Case No.:  3:22-cv-00036-BTM-DDL<br><br>**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT**<br><br>**[ECF NOS. 22, 23, 25, 26, 29, & 41]** |

Pending before the Court are the following six motions pertaining to Plaintiff's amended complaint: (1) Defendant Peter M. Seymour, M.D.'s motion to strike or dismiss (ECF No. 22); (2) Defendants County Conservators Office,[1] Beth Olsen, District Attorney (DA) Summer Stephan, and Deputy District Attorney (DDA) Wendy Patrick's (collectively, the County Defendants) motion to dismiss for failure to state a claim (ECF No. 23); (3) Defendants-Judges Joseph P. Brannigan, Eugenia A. Eyherabide, Michael S. Groch, and Howard H. Shore's (collectively, the Judicial Defendants) motion to dismiss for failure to state a claim (ECF No. 25); (4) Defendant Thomas Lian, M.D.'s motion to dismiss on several grounds (ECF

---

[1] For ease of reference, the Court will use Plaintiff's title of the County Office.

No. 26); (5) Defendant Tri-City Healthcare District's (TCHD) motion to dismiss for failure to state a claim (ECF No. 29); and (6) Defendant Alfonso Martinez's motion to dismiss or for a more definite statement (ECF No. 41).[2]

For the reasons discussed below, the Court will grant the defense motions and dismiss the amended complaint.

## BACKGROUND

Plaintiff previously filed complaints in this district based in part on the same allegations she now alleges in her complaints in this matter. Plaintiff filed a complaint against Defendant Alfonso Martinez (among others) in 2019, pertaining to "the arrest and criminal prosecution of her son, decedent Michael Sussman." *Sussman v. San Diego Police Dep't*, 821 Fed. Appx. 841, 841 (9th Cir. 2020) ("*Sussman I*"). That complaint was dismissed by the District Court, and the Ninth Circuit affirmed. *Id.*

Then in June 2020, Plaintiff filed a complaint in this district against Defendants Alfonso Martinez, DA Summer Stephan, DDA Wendy Patrick, and Beth Olsen, which was dismissed by the District Court. *Sussman v. San Diego Police Dep't*, No. 20cv1085, 2022 U.S. Dist. LEXIS 59197 (S.D. Cal. Mar. 29, 2022) ("*Sussman II*"). That complaint alleged "a conspiracy between Judges, attorneys, government organizations, and private parties to harm her and her son and violate their civil rights during the prosecution and conviction of Mr. Sussman." *Id.* at *3.

On January 12, 2022, Plaintiff filed a complaint against Scripps Mercy Hospital, among others, alleging a conspiracy to wrongfully obtain or grant a conservatorship for her brother, Jonathan Sussman, and for his wrongful death.

---

[2] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

(ECF No. 1). Plaintiff's complaint also alleged a conspiracy related to her son's prosecution and to harm her in various ways. (ECF No. 1).

On February 23, 2022, Defendant Peter M. Seymour, M.D., filed a motion under Federal Rule of Civil Procedure 12(e) for a more definite statement. (ECF No. 3). As a response to that motion, on March 21, 2022, Plaintiff filed an amended complaint, which she labeled as her "Second Amended Complaint." (ECF No. 17).[3]

Plaintiff's amended complaint essentially mirrors her first complaint and asserts claims (1) for violations of due process and the right to privacy; (2) for a violation of civil rights and loss of consortium; (3) for wrongful death; (4) under 42 U.S.C. § 1983; (5) for conspiring to engage in fraudulent business practices; (6) for conspiring to present false evidence and suborn perjury; (7) for malicious prosecution; (8) under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968; (9) to stop a state prosecution against her; (10) for invasion of privacy; and (11) for discrimination against a protected group. (Id. at 11-30). Among other things, Plaintiff is seeking $90,000 in general damages, "$90,000,000,000" in punitive damages, and an injunction "stopping all criminal activity against" her and her family. (Id. at 13).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8 requires all pleadings to provide short and plain statements of the court's jurisdiction and of the claim, and to "show[] that the pleader is entitled to relief." The purpose of Rule 8 is to give defendants proper notice of the claims alleged and the grounds for such claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[3] Several Defendants have argued that the amended complaint should be dismissed or stricken because it was filed without leave of Court, but the Court excused any such default and declined to dismiss or strike the amended complaint on that basis. (ECF No. 52).

(2009) (explaining that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

While facts in a complaint are accepted as true, conclusory allegations are not. *Twombly*, 550 U.S. at 555-56.  A pleading cannot merely use "labels and conclusions" but must instead provide "enough factual matter (taken as true)" setting forth a plausible claim for relief. *Id.*; *accord Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Courts must construe "pro se pleadings liberally." *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (quoting *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995)).  But while courts must construe pro se pleadings with "great leeway," such pleadings must still satisfy the pleading requirements and thus must give a defendant fair notice of the factual basis for the legal claim raised. *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Courts do not, however, provide the same "liberality" to attorneys proceeding pro se. *See McNamara v. Brauchler*, 570 Fed. Appx. 741, 743 (10th Cir. 2014) ("Although McNamara proceeds pro se, he is not entitled to have his filings liberally construed because he is a trained attorney."); *Godlove v. Bamberger, Foreman, Oswald, & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of pro se applicants gently, but a pro se lawyer is entitled to no special consideration."); *Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981) ("Harbulak is a lawyer and, therefore, he cannot claim the special consideration which the courts customarily grant to pro se parties.").  Since Plaintiff is an attorney, although she is suspended, she is charged with notice of the rules of procedure and the degree of liberality which is accorded a pro se litigant's pleadings is substantially lessened. *See, e.g., Godlove*, 903 F.2d at 1148.

"Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant

leave to amend freely 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). When assessing whether leave to amend should be granted, district courts should consider "four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

## DISCUSSION

Relying on the *Rooker-Feldman* doctrine,[4] the Judicial Defendants argue that this Court lacks subject-matter jurisdiction over Plaintiff's claims pertaining to the conservatorship. (ECF No. 25 at 17:2-18-22). Their argument is understandable and intuitive. The legal basis of the state court's order would likely need to be analyzed to assess the merits of Plaintiff's conspiracy theory regarding her brother's conservatorship. If there was a sound basis for the order, then Plaintiff's claims regarding the conservatorship likely lack merit. In other words, Plaintiff's allegations essentially presume that a state court decision lacked merit.

Nevertheless, the *Rooker-Feldman* doctrine does not apply here. In *Noel v. Hall*, the Ninth Circuit provided a simple test to determine whether the doctrine applies: "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, *and* seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." 341 F.3d 1148, 1164 (9th Cir. 2003) (emphasis added). Here, Plaintiff is not seeking relief from the state court judgment ordering her brother's conservatorship. Under *Hall*, the *Rooker-Feldman* doctrine is inapplicable. *See*

---

[4] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("*Rooker-Feldman* thus applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment.").[5]

In any case, the Judicial Defendants are entitled to absolute immunity because Plaintiff is challenging their rulings and actions as judicial officers. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (explaining that judicial immunity applies no matter how erroneous the judge's decision is, no matter how harmful the consequences of the judge's decision, and without inquiring into the judge's motives); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) ("It is well settled that judges are generally immune from suit for money damages."); *Ashelman v. Pope*, 793 F.2d 1072, 1079 (9th Cir. 1986) (en banc) (holding that judicial immunity applies when a judge and prosecutor conspire to "predetermine the outcome of a judicial proceeding").  To the extent Plaintiff is asserting claims against Judge Groch's courtroom clerk – Cristal Lainez – for failing to take certain actions as the courtroom clerk, immunity precludes those claims as well. *See generally Sedgwick v. United States*, 265 Fed. Appx. 567, 568 (9th Cir. 2008) (holding that clerk was immune from suit alleging failure to file petition); *Curry v. Castillo (in Re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002) (explaining that "quasi-judicial immunity" applies to court clerks for acts that are "a part of the judicial function"); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (ruling that court clerk was entitled to immunity for duties which were "part of [the] judicial process").

---

[5] The Judicial Defendants rely on *Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003), when arguing that the *Rooker-Feldman* applies when a claim is "inextricably intertwined" with a state court decision.  But the entire point of *Hall* was to simplify the *Rooker-Feldman* inquiry for district judges, and the *Hall* test is faithful to the *Rooker-Feldman* decisions themselves.  The Court will apply *Hall*'s simple test instead of reaching a decision inconsistent with that test.

The Judicial Defendants are also entitled to Eleventh Amendment immunity. *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) (explaining that "[s]tate officials sued in their official capacities are generally entitled to Eleventh Amendment immunity" and ruling that a state court judge was entitled to Eleventh Amendment immunity because he was "being sued in his official capacity"); *see also Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."). Thus, the Court will grant the Judicial Defendants' motion and dismiss Plaintiff's claims against them with prejudice, because Plaintiff cannot cure these deficiencies by amendment.

The Court will also grant the County Defendants' motion and dismiss Plaintiff's claims against them with prejudice. DA Stephan and DDA Patrick are immune from liability because Plaintiff's claims against them pertain to their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding "that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) (explaining that immunity applies to prosecutorial functions); (ECF No. 17 at 5:9-12, 24:2-24, and 25:26 (stating that DA Stephan and DDA Patrick are being sued for decisions to prosecute)).

DA Stephan and DDA Patrick are also entitled to Eleventh Amendment immunity for their prosecutorial decisions. *Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008) ("California DAs . . . act as state officials, and so possess Eleventh Amendment immunity, when acting in their prosecutorial capacity." (quotation marks and brackets omitted)); *see also Weiner v. San Diego County*, 210 F.3d 1025, 1031 (9th Cir. 2000) ("[A] California district attorney is a state officer when deciding whether to prosecute an individual.").

Additionally, Plaintiff's previous complaint in this district asserted the same

allegations against DA Stephan, DDA Patrick, and Defendant Martinez. Plaintiff's claims against them have already been decided and are thus barred. *Stewart v. United States Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." (citation omitted)); *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) ("Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits."); *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.").

The County Conservators Office is merely a subunit of the County and is not a proper party. *See Alston v. County of Sacramento*, No. S-11-2281 2012, U.S. Dist. LEXIS 95494, *6-7 (E.D. Cal. July 10, 2012) (ruling that a county's sheriff's department was not a proper party); *Carroll v. City of Hercules*, No. C-11-3378, 2012 U.S. Dist. LEXIS 47187, *3-4 (N.D. Cal. Apr. 3, 2012) (explaining that local police department was not a proper party). And the factual allegations in the amended complaint regarding Beth Olsen fail to support the claims asserted against her. The amended complaint merely contains one sentence regarding her conduct, as Plaintiff alleges that Olsen "sided" with the hospital. That allegation does not give rise to a plausible cause of action.

These deficiencies cannot be cured by amendment, and thus the claims against the County Defendants and Defendant Martinez must be dismissed with prejudice. The Court will thus grant the County Defendants' motion.

Plaintiff's claims against Dr. Seymour also fail. Plaintiff has not properly alleged that Dr. Seymour was acting under color of state law. Thus, Plaintiff's § 1983 claim against Dr. Seymour lacks merit. *Jones v. Community Redevelopment*

*Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (providing that an element of a Section 1983 claim is that "the conduct complained of must have been under color of state law" and rejecting conclusory labels in complaint alleging Section 1983 claim). And to the extent Plaintiff's claims pertain to testimony Dr. Seymour gave at the conservatorship trial, Dr. Seymour is entitled to immunity. *Franklin v. Terr*, 201 F.3d 1098, 1099 (9th Cir. 2000) (explaining that witnesses have absolute immunity even for perjured testimony and holding that such immunity extends to conspiracies to give false testimony).

For many of the same reasons, Plaintiff's claims against Dr. Lian fail. Plaintiff has not properly alleged that Dr. Lian acted under color of state law, and Dr. Lian is entitled to immunity for testifying at the conservatorship trial. *See id.*; *Jones*, 733 F.2d at 649.

In any case, Dr. Lian was not properly served. Service was effectuated at a P.O. Box, but Plaintiff could not serve the doctor at a P.O. Box without exercising "reasonable diligence at direct service." *Falco v. Nissan North America Inc.*, 987 F.Supp.2d 1071, 1080 (C.D. Cal. 2013). Because service was improper, the Court lacks personal jurisdiction over Dr. Lian. *Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

While both doctors allege that Plaintiff's claims are barred by statutes of limitations, the Court is unable to properly analyze that argument because the amended complaint does not provide an adequate timeline. The Court declines to apply statutes of limitations in such a situation. *See generally Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. In fact, a complaint cannot be dismissed [under a statute of limitations] unless it appears beyond doubt that the

plaintiff can prove no set of facts that would establish the timeliness of the claim." (citation and quotation marks omitted)).

Plaintiff has failed to state proper claims for relief against Dr. Seymour and Dr. Lian, and has failed to properly serve Dr. Lian. Therefore, the Court will grant their motions to dismiss.

As for Plaintiff's claims against TCHD, she was required to present her claims to the entity in accordance with Cal. Govt. Code § 915(a) (providing that claims against public entities must be presented to a designated individual). *See DiCampli-Mintz v. Cty. of Santa Clara*, 289 P.3d 884, 888 (Cal. 2012) ("The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an *element* that a plaintiff is required to prove in order to prevail." (citation omitted)). Under that section, she was required to present her claims by delivery, mail, or electronically under certain circumstances. Because Plaintiff claims that she did so, the Court will allow Plaintiff to amend her claims as to TCHD to allege how she complied with that section.

However, there are fundamental flaws with the causes of action Plaintiff has asserted. Plaintiff's loss of consortium claim is not viable because that cause of action does not apply to siblings. *Cf. Borer v. American Airlines, Inc.*, 563 P.2d 858, 865 (Ca. 1977) (declining to "recognize a cause of action by a child for loss of parental consortium"); *see also Ward v. San Jose*, 967 F.2d 280, 284 (9th Cir. 1992) (holding that siblings do not have constitutionally protected liberty interest to bring claims on behalf of siblings).

Nor has Plaintiff properly pleaded that she is authorized to assert claims on behalf of her brother's estate. Plaintiff is asserting claims on her brother's behalf, but she must have authority to represent his estate in order to do so. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) ("The party seeking to bring a survival action bears the burden of demonstrating that a


particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action."); *see also* Ward, 967 F.2d at 284 (holding that siblings do not have constitutionally protected liberty interest to bring claims on behalf of siblings); *Davis v. Bender Shipbuilding & Repair Co.*, 27 F.3d 426, 429 (9th Cir. 1994) ("In a survival action, a decedent's estate may recover damages on behalf of the decedent for injuries that the decedent has sustained. In a wrongful death action, by comparison, the decedent's dependents may only pursue claims for personal injuries they have suffered as a result of a wrongful death."); *Stoddard-Nunez v. City of Hayward*, No. 13-cv-04490, 2015 U.S. Dist. LEXIS 152830, *10-11 (N.D. Cal. Nov. 10, 2015) ("A sibling is barred from bringing a wrongful death action unless the decedent has no surviving issue or parents."); *Turner v. Smithkline Beecham Corp.*, No. 08-08166, 2009 U.S. Dist. LEXIS 140935, *7 (C.D. Cal. June 4, 2009) (ruling plaintiffs could not bring survival action because they did not allege "that they are [the d]ecedent's personal representatives or successors in interest"). Plaintiff has not properly pleaded that she has the authority to assert these claims, and thus the Court cannot determine that she is authorized or has standing to assert these claims.

For the RICO claim against Defendants, Plaintiff has failed to plead a plausible claim because she has failed to plausibly allege a pattern of racketeering activity by an enterprise with structure or organization. *See, e.g.*, *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (detailing elements of a RICO claim – an enterprise affecting interstate commerce must harm the victim through a pattern of racketeering activity – and explaining that an enterprise must have "structure or organization").

Last, for each claim, Plaintiff's amended complaint suffers from two fundamental flaws: it fails to satisfy Federal Rule of Civil Procedure 8 and fails to allege facts giving rise to a plausible claim for relief. First, Plaintiff's complaint does not provide short and plain statements of the Court's jurisdiction nor of the claims.

It is no coincidence that several Defendants have sought a more definite statement and have had difficulties, as did the Court, in ascertaining the factual allegations and legal theories of the complaints.  Simply put, Plaintiff's amended complaint does not satisfy Rule 8.

Second, Plaintiff's amended complaint contains labels and conclusions, not facts.  There is little, if anything, in the amended complaint that the Court must accept as true.  The amended complaint does not assert enough facts giving rise to a plausible claim for relief.  A plaintiff cannot satisfy the pleading requirements by merely alleging a conspiracy.  *Twombly*, 550 U.S. at 555-57.

Last, the Court is constrained to deny leave to amend for certain defendants. Justice does not require such leave, *see* Fed. R. Civ. P. 15(a)(2) (directing that leave to amend should be given "when justice so requires"), and the factors from *Owens*, 244 F.3d at 712, preclude such relief.  This is the third time Plaintiff, who is an attorney, has filed suit against Defendant Martinez based on the same allegations.  This is the second time Plaintiff has filed suit against DA Stephan and DDA Patrick based on the same allegations.  Plaintiff has sued several judges for their judicial actions even though they are clearly immune.

Further, Plaintiff attempted to clarify her claims with the amended complaint, but the amended complaint falls well short of satisfying Rule 8 and well short of setting forth a plausible claim.  Nor do her oppositions to the motions to dismiss demonstrate that Plaintiff can remedy the deficiencies discussed in this Order if given another opportunity to amend.  The factors from *Owens*, 244 F.3d at 712, plainly indicate that amendment is not in the interests of justice for certain defendants.

Plaintiff's claims against the Judicial Defendants, County Defendants, Defendant Martinez, Dr. Seymour, and Dr. Lian will be dismissed with prejudice. Plaintiff's claims against TCHD and the remaining defendants will be dismissed with leave to amend.

# CONCLUSION

For the reasons stated, the Court **grants** the motions to dismiss Plaintiff's amended complaint. (ECF Nos. 22, 23, 25, 26, 29, & 41). Plaintiff's claims against the Judicial Defendants, County Defendants, Defendant Martinez, Dr. Seymour, and Dr. Lian are dismissed with prejudice. This dismissal is final under Federal Rule of Civil Procedure 54(b) as the Court determines that there is no just reason for delay in entering final judgments of dismissal as to these defendants: Peter M. Seymour, M.D., the County Conservators Office, Beth Olsen, DA Summer Stephan, DDA Wendy Patrick, Judges Joseph P. Brannigan, Eugenia A. Eyherabide, Michael S. Groch, and Howard H. Shore, Thomas Lian, M.D., and Alfonso Martinez.

Plaintiff's claims against TCHD and the remaining defendants are dismissed with leave to amend. Plaintiff's amended complaint is dismissed. Plaintiff shall have thirty (30) days to amend.

**IT IS SO ORDERED.**

Dated: January 27, 2023

_____
Honorable Barry Ted Moskowitz
United States District Judge